UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.  11-30068 |
| ANTHONY M. LYONS, | ) | |
| Defendant. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

On March 27, 2012, Defendant Anthony M. Lyons was convicted by a jury of one count of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Court now considers Defendant's Motion for New Trial (d/e 38) ("Motion"). In the Motion, Defendant requests that this Court grant Defendant a new trial or, in the alternative, vacate the jury verdict and enter a judgment of acquittal notwithstanding the verdict. For the reasons that follow, Defendant's Motion (d/e 38) is denied.

1

# DISCUSSION

Pursuant to Federal Rule of Criminal Procedure 33, this Court may vacate a judgment and grant a new trial upon the defendant's motion "if the interest of justice so requires." Fed. R. Crim. P. 33. A motion for new trial should be granted sparingly and only if "substantial rights of the defendant have been jeopardized by error or omissions during trial." United States v. Kuzniar, 881 F.2d 466, 470 (7th Cir. 1989). A defendant is only entitled to a new trial "if there is a reasonable possibility that the evidence had a prejudicial effect upon the jury's verdict." United States v. Berry, 92 F.3d 597, 600 (7th Cir. 1996).

In the Motion, Defendant argues that he did not receive a fair trial on two grounds. First, Defendant states that the firearm, magazine, and weapon introduced into evidence by the Government at trial were the product of an unlawful, warrantless search for the reasons set forth by Defendant in pretrial motions, at the evidentiary hearing, and at trial. Defendant states that Defendant's "incriminating statement introduced into evidence by the Government at trial" was the fruit of that unlawful,

warrantless search. Def.'s Mot. 2. Second, Defendant states that the evidence adduced at trial was not sufficient to convict Defendant beyond a reasonable doubt. Therefore, Defendant argues, this Court should order a new trial based on insufficiency of the evidence and because Defendant did not receive a fair trial.

On February 28, 2012, in an Opinion denying Defendant's Motion to Suppress Evidence Obtained During a Warrantless Search and Quash the Arrest That Followed (d/e 11), this Court held that the officers' search of Defendant and seizure of a firearm on Defendant's person on the night of September 14, 2011 was lawful. See Opinion of Feb. 28, 2012 (d/e 21). This Court finds no reason to disturb the Court's previous ruling on this matter. Because the firearm, magazine, and weapon were lawfully seized and properly introduced into evidence by the Government at trial, this Court finds that Defendant is not entitled to a new trial based on the Government's introduction of those items into evidence at trial.

Additionally, this Court finds that the evidence before the jury in

this case—which included the firearm seized from Defendant's person, the testimony of the officers who conducted the traffic stop, as well as the testimony of Defendant—was sufficient to support Defendant's conviction.

This Court has reviewed the record and the case file and cannot find any errors or omissions during trial that jeopardized substantial rights of Defendant.  See Kuzniar, 881 F.2d at 470.  Because the Court finds that the interests of justice do not require a new trial, Defendant's Motion for New Trial is denied.  See Fed. R. Crim. P. 33.

## III.  CONCLUSION

THEREFORE, Defendant's Motion for New Trial (d/e 38) is DENIED.

IT IS SO ORDERED.

ENTER: May 2, 2012.

FOR THE COURT:

                                      s/ Sue E. Myerscough
                                   SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE