# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-CR-30068 |
| ) | |
| ANTHONY LYONS, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Anthony Lyons' Motion for Compassionate Release (d/e 80, 81), in which Defendant requests a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). Considering the factors in 18 U.S.C. § 3553(a) and §1B1.13 in the sentencing guidelines, Defendant has shown that such a reduction is warranted. Therefore, for the following reasons Defendant's Motion (d/e 80) is GRANTED.

## BACKGROUND

On March 27, 2012, a jury convicted Anthony M. Lyons of possessing a firearm as a convicted felon in violation of 18 U.S.C. 922(g)(1). On August 13, 2012, Defendant Lyons was sentenced to

210 months in the Bureau of Prisons, to be followed by 5 years of mandatory supervised release. (d/e 46). This total of 210 months was at the bottom of the guideline range but 30 months more than the mandatory minimum sentence of 180 months.

Defendant is currently serving his sentence at FCI Forrest City Low, a low security federal correctional institution. Defendant's release date, according to the Bureau of Prisons is January 26, 2026. https://www.bop.gov/inmateloc/ (last visited August 13, 2024).

Defendant filed a pro se Motion for Compassionate Release on February 2, 2024. (d/e 80, 81). Defendant seeks compassionate release due to an unusually long sentence and a need to care for his mother. On March 25, 2024, the Government filed a Response (d/e 82) in opposition to Defendant's motion. Thereafter, this Court appointed Federal Public Defender Thomas Patton to assist Mr. Lyons, who filed a Reply in support of Defendant's original pro-se motion. (d/e 85).

## LEGAL STANDARD

The Court is generally statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which

allows the Court to grant a defendant compassionate release if certain requirements are met.  See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A), allows an inmate to file a motion for compassionate release with the Court after exhausting certain administrative remedies.  The statute provides:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).  "Only after finding an extraordinary and compelling reason for release need the [Court], as part of 'exercising the discretion conferred by the compassionate release statute, . . .

consider any applicable sentencing factors in § 3553(a).'" United States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021) (quoting United States v. Thacker, 4 F.4th 569, 576 (7th Cir. 2021)).

## ANALYSIS

As an initial matter, the parties do not dispute whether Defendant properly exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). A review of Plaintiff's Motion for Compassionate Release indicates Plaintiff requested compassionate release at the facility level relating to his medical condition and desire to care for his mother. (d/e 80-2).

Given the Government's concession that the Defendant exhausted his administrative remedies, the Court will address the merits of Defendant's motion; specifically, whether Defendant has presented extraordinary and compelling reasons warranting compassionate release or a reduction in sentence.

### I. Defendant's Need to Care for an Ailing Parent is an Extraordinary and Compelling Circumstance.

Defendant relies on § 1B1.13 of the Sentencing Guidelines in support of his Motion for Compassionate Release. Specifically, this policy statement defines what are "extraordinary and compelling

reasons" to reduce a defendant's sentence. §1B1.12(b). Defendant argues the incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent, specifically, Defendant's 78-year-old mother, warrants compassionate release. (d/e 85, p. 6).

Defendant's mother, Georgia Harris, lives in Country Club Hills, Illinois and has developed various medical issues. Ms. Harris has lesions on her spine which required back surgery in February 2024 to fuse her L5-S1 vertebrae. (d/e 85, Exhibit A). Ms. Harris has been unable to work, is still utilizing narcotics for pain, and requires physical therapy. (d/e 85, p. 7).

Ms. Harris' only living child is the Defendant as her other two children are each dead. Ms. Harris' siblings either do not have the means to care for her or have health issues of their own as evidenced by the letter submitted by her sister. (d/e 85, Exhibit C). The remainder of Ms. Harris' grandchildren either do not have a relationship with her, live out of state, or have jobs or school that prevent them from caring for her.

Ms. Harris' medical records and the information provided by the Federal Public Defender mitigation specialist show Ms. Harris is

incapacitated. According to her records, she is unable to work or do things that would be normally within her abilities but for her spinal issues and surgery. Further, there is seemingly no other individual to assist Ms. Harris with her day-to-day activities while she is unable to work and fully care for herself.

Therefore, the Court finds that the need for Defendant to care for his ailing mother presents extraordinary and compelling circumstances.

**II.   The Section 3553(a) factors favor Defendant's early release.**

Defendant argues that the 3553(a) factors favor early release. Specifically, Defendant has taken numerous classes, obtained his GED in 2014 and participated in non-residential drug treatment in 2022. (d/e 81; d/e 85, p. 15). Defendant further argues that he should be considered for early release based on his improved behavior which has included: mentoring other individuals in custody, time spent as a GED tutor, and a certification in manufacturing. (d/e 81, p. 9).

In opposition, the Government notes that Defendant has received multiple disciplinary infractions during his time in the

Bureau of Prisons and that this pattern of infractions, along with Defendant's lengthy criminal history from the 1980s onward weighs against early release. The most concerning of the violations, one for fighting and one for threatening bodily harm occurred over 7 and 8 years ago respectively, in 2016 and 2017. The Government further claims Defendant is a danger to the community based on his firearm charge.

However, even with these disciplinary infractions, Defendant was able to lower his PATTERN (Prisoner Assessment Tool Targeting Estimated Risk and Needs) score during his incarceration from High to Medium at the time his pro se Motion was filed. (d/e 80, 81). Defendant has seemingly applied himself to programming and has stayed relatively out of trouble since 2017. Although there have been disciplinary infractions, seven over the course of approximately thirteen years is not a large number. These infractions included: being absent from assignment, interfering with taking count, fighting, threatening bodily harm, possessing drugs or alcohol, giving or accepting money, and phone abuse. (d/e 82, Exhibit 1).

As this Court has noted, the most serious violations were not recent in time. Additionally, Defendant is now residing at a low

security federal correctional institution, further demonstrating clear progress in lowering his risk to himself and others.

Much argument is made about the Defendant's criminal history and the behavior which resulted in his lengthy sentence he is serving in the Bureau of Prisons. However, the parties agree that, if sentenced today, Mr. Lyons would not face an Armed Career Criminal enhancement and would face a 10-year mandatory minimum. (d/e 82, p. 2; d/e 85, p. 13). This is in stark contrast to the 210 months he was sentenced to, which was the bottom of the Guideline Range, but 30 months above the 180-month mandatory minimum. (d/e 82, p. 8).

Based on the above considerations the Court finds that the 3553(a) factors favor an early release given the extraordinary and compelling circumstance which requires care for Defendant's mother. Mr. Lyons has shown a clear commitment to bettering his future based on the programming he has attended, completed and now volunteers for. Lastly, Mr. Lyons has served just shy of thirteen years in custody of his seventeen and one-half years sentence. Release at this juncture is just 17 months before his currently scheduled release date in January of 2026.

Taking all of the relevant factors into consideration, the Court finds that Defendant has established that there exists an extraordinary and compelling reason that warrants a reduction in his term of imprisonment and the Court find that compassionate release is appropriate in this case.

## CONCLUSION

For the reasons set forth above, Defendant Lyons' Motion for Compassionate Release (d/e 80) is GRANTED. The Court hereby reduces Defendant Lyons' term of imprisonment from 210 months on Count 1 to time served.

The Court modifies Defendant's conditions of supervised release to require Defendant to spend six months on home confinement, with the home confinement starting as soon as possible after his term of supervised release begins. Defendant shall sign the rules of home detention/location monitoring. Defendant shall be monitored in a manner approved by the United States Probation Office. Specifically, the Northern District of Illinois Office, as his relocation request was approved on July 10, 2024. All other aspects of Defendant's sentence shall remain the same.

The Clerk is DIRECTED to prepare a Second Amended Judgment consistent with this order and the additional conditions of supervised release imposed.

**IT IS SO ORDERED.**
**ENTERED:  August 14, 2024**
**FOR THE COURT:**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**